# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 14-1087V
Filed: July 13, 2015

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
MARTHA SCRANTOM,                               \*
                                               \*
                 Petitioner,           \*     Stipulation; Influenza;
v.                                             \*     Shoulder Injury (SIRVA)
                                               \*
SECRETARY OF HEALTH                            \*
AND HUMAN SERVICES,                            \*
                                               \*
                 Respondent.           \*
                                               \*
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Alison Haskins, Maglio, Christopher & Toale, PA, Sarasota, FL, for petitioner.
Ann Martin, United States Department of Justice, Washington, DC, for respondent.

## DECISION ON JOINT STIPULATION[1]

**Vowell**, Special Master:

      On November 7, 2014, Martha Scrantom ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq*,[2] [the "Vaccine Act" or "Program"]. Petitioner alleged that, as a result of receiving an influenza vaccine on December 17, 2003, she suffered a shoulder injury the residual effects of which lasted more than six months. (*See* Stipulation for Award, filed July 13, 2015, ¶¶ 1-4 (ECF No. 21).) Respondent denies that the influenza vaccination caused petitioner's alleged shoulder injury or any other injury. (*Id.*, ¶. 6.)

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, it will be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2006).

Nevertheless, the parties have agreed to settle the case. On July 13, 2015, the parties filed a joint stipulation agreeing to settle this case and describing the settlement terms. The stipulation also included a payment of attorneys' fees and costs.[3] In accordance with General Order #9, petitioner's counsel asserts that petitioner incurred no out-of-pocket litigation expenses. (*Id.*)

Respondent agrees to pay petitioner:

- A lump sum of **$65,000.00** in the form of a check payable to petitioner. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a); and

- A lump sum of **$11,237.47** in the form of a check payable jointly to petitioner and petitioner's attorney, Alison H. Haskins, Esq., for attorneys' fees and costs available under 42 U.S.C. § 300aa-15(e). (*Id*, ¶ 8.)

I adopt the parties' stipulation attached hereto, and award compensation in the amount and on the terms set forth therein. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

*s/Denise K. Vowell*
**Denise K. Vowell**
Special Master

---

[3] The Vaccine Act permits an award of reasonable fees and costs. 42 U.S.C. § 300 aa-15(e). I find the proposed total amount for attorneys' fees and costs to be reasonable.

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

|  |  |  |
|---|---|---|
| MARTHA SCRANTOM, | ) ) ) | |
| Petitioner, | ) ) | |
| | ) | No. 14-1087V |
| v. | ) ) | Chief Special Master Vowell |
| | ) | ECF |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) ) ) | |
| | ) | |
| Respondent. | ) ) | |

## STIPULATION

The parties hereby stipulate to the following matters:

1. Petitioner, Martha Scrantom, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of the influenza vaccine, which is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. Petitioner received an influenza immunization on December 17, 2013.

3. The vaccine was administered within the United States.

4. Petitioner alleges that she suffered a shoulder injury as a result of her influenza vaccine. Petitioner further alleges that she experienced the residual effects of this condition for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on her behalf as a result of her injuries.

6. Respondent denies that petitioner's influenza vaccine caused a shoulder injury or any other injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

    a. A lump sum of $65,000.00 in the form of a check payable to petitioner. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a); and

    b. A lump sum of $11,237.47 in the form of a check payable jointly to petitioner and petitioner's attorney, Alison H. Haskins, Esq., for attorneys' fees and costs available under 42 U.S.C. § 300aa-15(e). In compliance with General Order #9, petitioner represents that she incurred no personal, out-of-pocket expenses in proceeding on the petition.

9. Petitioner and her attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

10. Payments made pursuant to paragraph 8 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

11. The parties and their attorneys further agree and stipulate that, except for any award

2

for attorneys' fees and litigation costs, and past unreimbursed expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

12.  In return for the payments described in paragraph 8, petitioner, in her individual capacity, and on behalf of her heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the influenza vaccination administered on December 17, 2013, as alleged by petitioner in a petition for vaccine compensation filed on or about November 7, 2014, in the United States Court of Federal Claims as petition No. 14-1087V.

13.  If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

14.  If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

3

15. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

16. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the influenza vaccine caused petitioner to develop a shoulder injury or any other injury.

17. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/
/

Respectfully submitted,

PETITIONER:

*Martha S*
MARTHA SCRANTOM

ATTORNEY OF RECORD FOR
PETITIONER:

ALISON H. HASKINS, ESQ.
Maglio, Christopher & Toale, PA
1605 Main Street, Suite 710
Sarasota, FL 34236
(888) 952-5242

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

VINCENT J. MATANOSKI
Deputy Director
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146, Benjamin Franklin Station
Washington, D.C. 20044-0146

AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:

A. MELISSA HOUSTON, M.D., M.P.H., FAAP
Director, Division of Injury Compensation
Programs
Healthcare Systems Bureau, U.S. Dept.
of Health and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

ATTORNEY OF RECORD FOR
RESPONDENT:

ANN D. MARTIN
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146, Benjamin Franklin Station
Washington, DC 20044-0146
(202) 307-1815

Dated: 7-13-15

5